UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FLORIDA PANTHERS, (Puma
concolor coryi) an
endangered species, RED-
COCKADED WOODPECKERS,
(Picoides boralis) an
endangered species, FLORIDA
WILDLIFE FEDERATION, a not-
for-profit Florida
corporation, and COLLIER
COUNTY AUDUBON SOCIETY,
INC., a not-for-profit
Florida corporation,

      Plaintiffs,

v.                        Case No: 2:13-cv-612-FtM-29DNF

COLLIER COUNTY, FLORIDA, a
political subdivision of the
State of Florida, GEORGIA A.
HILLER, in her official
capacity as a Collier County
Commissioner, TOM HENNING,
in his official capacity as
a Collier County
Commissioner, TIM NANCE, in
his official capacity as
Collier County Commissioner,
and PENNY TAYLOR, in her
official capacity as a
Collier County Commissioner,

      Defendants.

---

## OPINION AND ORDER

    This matter comes before the Court on review of defendants'
Motion to Dismiss Second Amended Complaint (Doc. #31) and the
parties' cross-motions for summary judgment (Doc. #42; Doc. #61).

**I.**

On August 21, 2013, the Florida panthers, the red-cockaded woodpeckers, the Florida Wildlife Federation (FWF), and the Collier County Audubon Society (CCAS) (collectively, plaintiffs) initiated this action against Collier County, Florida and Collier County Commissioners Georgia A. Hiller, Tom Henning, Fred W. Coyle,[1] and Tim Nance (collectively, defendants) pursuant to the Endangered Species Act of 1973 (ESA), 16 U.S.C. § 1531-1544. Plaintiffs' Second Amended Complaint, filed on June 27, 2014, seeks declaratory and injunctive relief to prevent defendants from implementing, enacting, or authorizing land clearing, land uses, and road extensions into occupied and essential habitats of the Florida panther and red-cockaded woodpecker without obtaining an ESA Section 10 Habitat Conservation Plan (HCP) and incidental take permit (ITP) from the U.S. Fish and Wildlife Service (FWS). Plaintiffs also seek a finding and declaration that Collier County's Conservation and Coastal Management Element Policies 6.1.5 and 7.1.2, and Section 3.05.02(c) of Collier County's Land Development Code are preempted by the ESA. (Doc. #28, ¶ 2.)

Defendants assert that the Second Amended Complaint should be dismissed in its entirety for lack of subject matter jurisdiction,

---

[1]Penny Taylor was sworn in as a Collier County Commissioner in place of Fred W. Coyle, and was automatically substituted as a defendant in her official capacity. (Doc. #77.)

failure to state a cause of action, and failure to join a party under Fed. R. Civ. P. 19.  (Doc. #31.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

3

Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

### III.

After reviewing the allegations in the Second Amended Complaint, the Court finds that dismissal is warranted because plaintiffs have failed to put defendants on notice as to the nature of the claims asserted against them.  Plaintiffs' Second Amended Complaints sets forth the underlying factual allegations and the relief requested, but does not include any substantive counts.  As a result, the reader must needlessly flip through the pleading to determine the factual and legal basis supporting each request for relief.  Although "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones," Fed. R. Civ. P. 8(d)(2), a properly drafted pleading "will present each claim for relief in a separate count," Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).  See also Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each

claim founded on a separate transaction or occurrence . . . must be stated in a separate count."). Because plaintiffs have failed to set forth a single claim for relief, the Second Amended Complaint will be dismissed without prejudice. See <u>Marlborough Holdings Grp., Ltd. v. Azimut-Benetti, Spa, Platinum Yacht Collection No. Two, Inc.</u>, 505 F. App'x 899, 907 (11th Cir. 2013).

If plaintiffs chose to amend their complaint, they should not include citations to case law in their Third Amended Complaint as they did in their Second Amended Complaint. While plaintiffs' Third Amended Complaint should briefly state the legal basis for the causes of action being asserted, legal argument is wholly unnecessary.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Second Amended Complaint (Doc. #28) is **dismissed without prejudice** to filing a Third Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.[2]

2. Defendants' Motion to Dismiss Second Amended Complaint (Doc. #31) is **DENIED as moot.**

3. Plaintiffs' Motion for Summary Judgment (Doc. #42) is **DENIED as moot.**

---

[2]Pursuant to the Court's Standing Order, the parties should submit to Chambers a courtesy copy of any document that exceeds twenty-five (25) pages. (Doc. #5.)

4.   Defendants' Motion for Summary Judgment (Doc. #61) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of May, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record